IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROMANUS MILES | : | CIVIL ACTION |
|---|---|---|
| | : | NO. 94-4669 |
| v. | : | |
| | : | |
| ALFRED ELLIOT et al. | : | |
| | : | |

O'NEILL, J.                                                                March 10, 2011

## **MEMORANDUM**

Now before me is plaintiff Romanus Miles' motion for sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Plaintiff alleges that defendants have engaged in a sanctionable pattern of discovery abuse, including spoliation of evidence, failure to comply with their deposition obligations, failure to produce requested documents and failure to provide initial disclosures in compliance with Rule 26 of the Federal Rules of Civil Procedure. For the reasons that follow, I will deny plaintiff's motion for sanctions in part, grant it in part, and award sanctions against defendants as set forth below.

### BACKGROUND

Plaintiff Romanus Miles, a.k.a. Monte Miles, was arrested on September 1, 1992 after firing a sawed-off shotgun at Police Officers Christopher Lewis and Alfred Elliott. During the incident, Officer Elliott returned fire, striking plaintiff three times. On July 12, 1993, a jury convicted plaintiff of aggravated assault on Police Officers Christopher Lewis and Alfred Elliott and of carrying a firearm on a public street. Commonwealth v. Monte Miles, Nov. Term, 1992,

No. 2225 3/3 (Pa. Ct. Comm. Pl. Phila. Cnty.).[1] On August 9, 1994, plaintiff filed the instant action alleging that the individual defendants used excessive force when he was arrested and that the City's failure to train, supervise and discipline its police officers on the use of force was the direct cause of the alleged violations of his civil rights.

In January 1996, plaintiff served defendants with interrogatories and a request for production of documents. Defendants answered plaintiff's interrogatories in May and June of 1996. Attorneys for plaintiff deposed Officer Elliott on August 8, 1996 and Officers Christopher Lewis and Tyrone Randall on August 9, 1996. An attorney for defendant deposed plaintiff on August 16, 1996. During the course of his deposition, plaintiff invoked the Fifth Amendment when asked questions about the shotgun he was alleged to have been carrying on September 1, 1992. After this limited discovery, the instant action was placed into civil suspense on October 21, 1996 while plaintiff pursued appeals of his criminal convictions.

In 2002, in response to the Court's request for a status update, plaintiff requested that the matter remain in civil suspense. On February 8, 2010, I granted plaintiff's motion to restore the case to the active docket.

I. Supplemental Interrogatory Responses

On April 30, 2010, plaintiff asked defendants to supplement their answers to the interrogatories they had been served with in 1996. Following several unanswered requests from plaintiff to amend the interrogatory answers, on July 30, 2010, the scheduled close of fact discovery in this matter, plaintiff filed a motion to compel supplemental responses to defendants'

---

[1] A criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial. See Folino v. Young, 568 A.2d 171 (Pa. 1990); In re Kravitz Estate, 211 A.2d 443 (Pa. 1965).

interrogatory responses. In response to the motion to compel, defendants amended their interrogatories and plaintiff withdrew its motion to compel.

## II. Documents

On May 19, 2010, plaintiff served a request for production of documents on counsel for defendants. On July 16, 2010, having received no response, plaintiff moved to compel defendants to serve responses to his request for production of documents. I granted plaintiff's motion, requiring defendants to produce all documents by July 20, 2010. Defendants failed to respond to the request for production in accordance with my Order and instead promised to respond to the request for production on July 21. Defendants did not respond as promised on July 21, but promised to respond to the request for production on July 23. No documents were produced on July 23. Plaintiff asked defendants when he could expect to receive responses again on July 28, August 26, August 27 and September 8. Without ever having petitioned the court for an extension of the discovery period, defendants ultimately produced certain documents and materials to plaintiff <u>after</u> the close of fact discovery. Documents produced to plaintiff included evidence relating to the shotgun, police training materials, the City's document retention policy and the official Internal Affairs investigation file for Officer Elliott's shooting of plaintiff (the "shooting team binder").

Plaintiff asserts that defendants have not produced certain other documents to him including the investigator's case file for the investigation into plaintiff's aggravated assault of Officers Lewis and Elliott, documents regarding forensic testing conducted in the course of the police investigation of the events of September 1, 1992, and the City of Philadelphia Law Department case file for the matter of <u>DeMaio v. DeDonato, et al.</u>, an unrelated civil case

involving defendants Lewis and Randall. Defendants admit that the investigator's case file and forensic documentation were destroyed, but counter that it is reasonable to assume that plaintiff possesses nearly every document relevant to his claims given that: (1) defendants produced the shooting team binder, (2) plaintiff has the District Attorney's file on plaintiff's aggravated assault on Officers Lewis and Elliott, and (3) plaintiff's has firsthand knowledge of his prosecution and conviction. Defendants also admit that the DeMaio case file was destroyed, but assert that any materials contained in the file beyond those present in the public record would have been undiscoverable as attorney-client privileged materials or attorney work product.

### III. Depositions

On July 6, 2010, after defendants failed to supply plaintiff with dates for requested depositions, plaintiff unilaterally noticed the depositions of defendants Lewis, Randall, and Elliot for July 21, 22, and 23, respectively. On July 7, plaintiff unilaterally noticed the City's deposition for July 26. Plaintiff did not respond to these notices and did not seek a protective order. On July 21, defendant Lewis failed to appear at his scheduled deposition causing plaintiff to file a motion to extend the time to complete depositions in this action. Officers Lewis, Randall, and Elliott were then deposed for the second time in the matter on August 5, 16, and 30, respectively. I granted plaintiff's unopposed motion for an extension of time to complete depositions on September 1. On September 2, plaintiff's counsel took the deposition of Albert (formerly Officer Jose) Cruz. Plaintiff re-noticed the City's Rule 30(b)(6) deposition for October 5, 2010. No 30(b)(6) designee appeared on October 5. The City's Rule 30(b)(6) deposition ultimately took place on December 2, 3, 9, and 10, 2010. Six individuals were designated to testify on behalf of the City.

Plaintiff asserts that a number of the City's designees were unprepared to testify with respect to their designated topics.[2] Topic 1 asked for a designee to testify with respect to "[t]he documents requested in Plaintiff's various document requests to the City of Philadelphia and the search for those documents." The City's designee for Topic 1, Mr. Cesare, testified that he had not seen plaintiffs' document requests, did not know whether steps had been taken to preserve responsive documents, and did not know what steps, if any, had been taken to locate the requested documents. (Pl.'s Br. Ex. E. at 13:16-14:7, 24:17-25:11.) When asked what he had done to prepare for the deposition, he said, "I just made copies of the retention schedule." (Id. at 10:8-17.) Topic 2 asked for a designee to testify as to the City's document retention policies in effect on and since September 1, 1992. Mr. Cesare, the designated witness, testified that he did not know whether the City had a policy on document retention in 1992 or when the city first created a document retention policy. (Id. at 27:11-29:4)

Topic 7 asked for a designee to testify as to any lawsuits, complaints, accusations or allegations regarding the use of force by the individual defendants. Lieutenants Long and Prendergast were identified as the City's designees. However, Prendergast testified that he was at his deposition to testify only about Topic 5. (Pl.'s Br. Ex. Q. at 10:22-11:9) Lieutenant Long testified that although he had located files relevant to the officer histories of Lewis, Randall, and Elliott, he had not read or familiarized himself with any of the files in advance of his deposition. Pl's Br. Ex. O at 63:1-24.)

In response, the City asserts that "[a]ny failure of designees' ability to testify as to

---

[2] Defendants' brief asserts that four designees were unprepared for their depositions. However, in its discussion of the City's allegedly unprepared designees, plaintiff only identifies Cesare, Long, and Prendergast as having been unprepared.

specific pieces of information sought by Plaintiff, including which documents might be responsive to Plaintiff's document requests (Mr. Cesare), or lawsuits or internal affairs investigations against the individual defendants (Mr. Long and Mr. Prendergast) was a result of the lapse of time between bringing this lawsuit, and when the depositions were eventually taken." (Def.'s Br. at 13.)

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure, and, in particular, Rule 37(b)(2) offers a wide range of sanctions for a party's non-compliance with its discovery obligations, "including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt." Wachtel v. Health Net, Inc., 239 F.R.D. 81, 84 (D.N.J. 2006.); see also Fed. R. Civ. P. 37(b)(2)(A)(vi). "The choice of the appropriate sanction is committed to the sound discretion of the district court." Hewlett v. Davis, 844 F.2d 109, 113 (3d Cir. 1988), citing Mangano v. Am. Radiator and Standard Sanitary Corp., 438 F.2d 1187 (3d Cir. 1971).

### I. Request for a Default Judgment

Plaintiff asks that I enter a default judgment against the City for all of its alleged discovery violations. See Fed. R. Civ. P. 37(b)(2)(A)(vi); Fed. R. Civ. P. 37(d)(3). Plaintiff argues that the "City of Philadelphia has stymied all of [his] attempts to obtain information and prepare for trial" and that its "pervasive disregard of its obligation under the Federal Rules of Civil Procedure suggests that other sanctions will not remedy this situation." (Pl.'s Br. at 33-34.) I disagree and find that a default judgment against the City is not warranted here.

"Sound judicial policy favors disposition of cases on their merits rather than on

procedural defaults." Hewlett, 844 F.2d at 113. "Entry of default judgment is a drastic sanction termed extreme by the Supreme Court." Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc., No. 08-4271, 2009 WL 2591153, at *2 (E.D. Pa. Aug. 20, 2009) (internal quotations omitted). I must balance six factors in deciding whether a default judgment is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Caves. Co., 747 F.2d 863, 868-70 (3d Cir. 1984). In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). "Although each factor need not be satisfied for the trial court to dismiss a claim [or enter a default], any and all doubts should be resolved in favor of reaching a decision on the merits." Wirerope Works, Inc. v. Travelers Excess and Surplus Lines Co., No. 07-169, 2008 WL 2073375, at *3 (E.D. Pa. May 12, 2008) (citations omitted).

Balancing the Poulis factors, I decline to enter default judgment against the City. First, the asserted discovery violations are not traceable to the City's intentional obstruction of the discovery process. I do not doubt that the City's failure to retain discoverable documents (e.g., investigator's case file) was exacerbated by the period of almost fourteen years that this case was in suspense while plaintiff pursued appeals of his criminal convictions. Further, certain of the discovery violations appear to be traceable to the negligence of former counsel for the City (e.g., failure to cooperate in scheduling depositions and failure to timely respond to discovery

requests). I find that the first Poulis factor does not tip the scales in favor of the entry of a default judgment.

Although the City's dilatory discovery conduct has prejudiced plaintiff, plaintiff has not shown that the City's conduct has deprived him of evidence necessary to make his case against defendants. "[T]here are varying degrees of prejudice, and courts should consider the degree of prejudice that the defendant suffered accordingly when conducting the balancing of the Poulis factors." Briscoe, 538 F.3d at 260 n.3. Plaintiff makes only general assertions that the City's conduct "deprived him of the opportunity to use evidence at depositions, . . . [and] hindered his ability to prepare for trial." (Pl.'s Reply Br. at 5.) I find that the real prejudice to plaintiff is the additional time and money spent in developing his case for trial. Without more, this prejudice is not sufficient to support entry of a default judgment. See, e.g. Hewlett, 844 F.2d at 113 (upholding district court's refusal to enter a default judgment against the City where there was "little reason to suppose that the plaintiff's failure to prove his case against the City was caused by the insufficiency of the City's response to discovery requests").

Further, plaintiff has not established that defendants' conduct constitutes "the type of willful or contumacious behavior [that can be] characterized as flagrant bad faith." Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund, 29 F.3d 863, 875 (3d Cir.1994) (internal quotation marks and citation omitted). "Willfulness involves intentional or self-serving behavior." Id. "If the conduct is merely negligent or inadvertent, we will not call the conduct 'contumacious.'" Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008). I find that plaintiff has not set forth sufficient evidence to establish that defendants acted "with the purpose to delay the proceedings" or that they "willfully" failed to comply with their discovery obligations. Id.; see

also Hewlett, 844 F.2d at 113 (upholding district court finding of "neither willfulness nor bad faith in the City's partial failure to comply with the discovery order").

Furthermore, there are available alternatives to the severe sanction of the entry of a default judgment. Any prejudice to plaintiff can be remedied through an award of sanctions against the City sufficient to compensate him for the increased time spent in preparing his case. A full consideration of the appropriateness of such sanctions for each of the City's alleged discovery violations is set forth below.

Finally, it does not appear that the City's asserted defenses are without merit. Cf. Poulis, 747 F.2d at 869-870 ("A claim . . . will be deemed meritorious [for this inquiry] when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . .").

Guided by the Court of Appeals' admonition that "dismissal [or entry of default] must be a sanction of last, not first, resort," Poulis, 747 F.2d at 869, I decline to enter judgment against the City for its discovery conduct. This conclusion however, should not be taken as acquiescence by the Court in the City's conduct. The City and its counsel are admonished for their failure to fully comply with the discovery obligations set forth in the Federal Rules of Civil Procedure. As is further set forth below, I agree with plaintiff that certain sanctions other than entry of default judgment are warranted.

## II. Interrogatories

Plaintiff argues that defendants should be required to pay the reasonable expenses incurred in making his motion to compel defendants to supplement their interrogatory responses because defendants supplemented their responses only after the motion to compel was filed. Pursuant to Rule 37(a)(5)(A), "if the disclosure of requested discovery is provided after [a

motion to compel] was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants' response to plaintiff's motion for sanctions provides no justification for their failure to respond to plaintiff's request for supplemental interrogatory responses prior to plaintiff's filing of the July 30, 2010 motion to compel. I will require defendants to pay plaintiff's reasonable expenses and attorney's fees incurred in making the July 30, 2010 motion to compel.

### III. Documents

A. Spoliation

Plaintiff asks that I sanction defendants through the admission of an adverse inference for spoliation with respect to evidence that defendants had in their possession and destroyed or withheld. Defendants admit that certain documents were destroyed including the investigator's case file, forensic documentation and the DeMaio v. DiDonato file. Defendant is liable for spoliating evidence as it failed to ensure the preservation of discoverable evidence after this action had commenced. See Freeman v. Dep't of Corr., No. 07-2191, 2011 WL 94422, at * 1 (M.D. Pa. Jan. 11, 2011) ("Spoliation is the destruction or significant alteration of evidence or the failure to preserve property for another party's use as evidence in pending or reasonably foreseeable litigation.").

The decision of whether to sanction a party found liable for spoliation is left to my discretion. Ward v. Lamanna, 334 F. App'x 487, 492 (3d Cir. 2009); see also Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 111 (E.D. Pa. 2005). ("There is no rule of law

mandating a particular sanction upon a finding of improper destruction or loss of evidence; rather, such a decision is left to the discretion of the Court."). In determining whether spoliation should result in an adverse inference instruction "that the destroyed or altered evidence might or would have been unfavorable to the offending party," Freeman, 2011 WL 94422, at * 1, I should consider: "(1) the degree of fault of the party who altered or destroyed the evidence, (2) the degree of prejudice suffered by the opposing party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994). Most importantly here, "a finding of fault requires evidence that the party accused of spoliation intended to impair the moving party's ability to uncover evidence." Select Med. Corp. v. Hardaway, No. 05-3341, 2006 WL 859741, at * 9 (E.D. Pa. Mar. 24, 2006); see also Brewer v. Quaker State Oil Refining Corp., 72 F. 3d 326, 334 (3d Cir. 1995) ("[I]t must appear that there has been an actual suppression or withholding of the evidence. No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.").

     Defendants do not deny that a litigation hold was not put into place when this action commenced and have admitted the destruction of evidence. However plaintiff has not introduced any evidence that defendants acted in a manner indicative of an intent to withhold or conceal the truth in destroying the requested evidence. There is no evidence that defendants "willfully or fraudulently destroy[ed] evidence with the intent to prevent plaintiff from obtaining it." Applied Telematics, Inc. v. Spring Commns. Co., L.P., No. 94-3602, 1996 WL 33405972, at *2 (E.D. Pa.

Sept. 17, 1996). Accordingly I find that an adverse inference is not warranted against defendants.

  B. Exclusion of Evidence

Plaintiff asks that I prohibit defendants from introducing the following into evidence unless produced to plaintiff prior to the scheduled close of the discovery period: evidence relating to training provided to defendants; evidence relating or referring to the shotgun; evidence relating or referring to any forensic analysis performed on the shotgun; and evidence relating to defendants' document retention policies. In considering plaintiff's request, I must consider "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

Plaintiff has not established that he was surprised by any information included in any late-disclosed documents. Nor has he shown that defendants' late production deprived him of evidence necessary to make his case against defendants.[3] Further, plaintiff has not established that defendants' delayed document production was the result of bad faith or wilfulness. While defendants' former counsel may have been negligent in failing to timely respond to plaintiff's document requests, plaintiff has not presented evidence of bad faith on the part of defendants. Finally, I find that the evidence in question is central to defendants' defense. As the Court of

---

[3] To the extent that plaintiff can demonstrate any specific prejudice suffered as a result of defendant's late disclosure of any of the information that he now seeks to exclude I will consider a request by plaintiff for a brief reopening of the discovery period to accommodate additional discovery or depositions.

Appeals has noted, "the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." Quinn v. Consol. Freightways Corp. of Del., 283 F.3d 572, 576 (3d Cir. 2002) (quotations and citations omitted).

I will therefore deny Plaintiff's request for a blanket exclusion of any late-disclosed documents, but I will deny the request without prejudice. Should additional information develop that suggests that plaintiff has suffered incurable prejudice as a result of defendants' failure to produce any of the documents in question, plaintiff may renew his motion to preclude any specific documents on this basis. Also, although I conclude that the identified documents will not be excluded, defendants should bear responsibility for the consequences of their delayed discovery responses. Accordingly, I will require defendant to pay for plaintiff's reasonable expenses, including attorneys fees incurred in conjunction with filing the instant motion for sanctions.

### C. Failure to Meet Document Production Obligations

Plaintiff also asks that I require defendants to pay his expenses and attorney's fees incurred as a result of defendants' failure to produce requested documents and things including the expenses and fees incurred in preparing his July 16, 2010 motion to compel discovery, which I granted. Rule 37(a)(5)(A) provides that when a motion to compel "is granted . . . the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Sanctions are not appropriate, however, if, inter alia, "the opposing party's nondisclosure . . . was substantially

justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Defendants have not supplied a substantial justification for their failure to produce the requested documents to plaintiff prior to the July 16, 2010 motion to compel or thereafter in accordance with the Court's Order that they produce the requested documents by July 20, 2010. Defendants seek to be excused from their failure to comply with the court's discovery order by arguing in part that their failure was properly traceable to their prior attorney. However, a client "cannot always avoid the consequences of the acts or omissions of its counsel." Poulis, 747 F.2d at 868. Upon recognizing that the lengthy suspense of this action would make it difficult to prepare a timely or complete response to plaintiff's document requests, defendants could have petitioned the court for assistance in setting manageable discovery deadlines. They did not. Instead, plaintiff was obligated to file a motion to compel and even after I granted plaintiff's motion to compel, defendants failed to timely comply with my July 16 Order, necessitating further repeated requests from plaintiff for defendants' responsive documents. I will require defendants to pay plaintiff's reasonable expenses and attorney's fees incurred in making the July 16, 2010 motion to compel and the instant motion for sanctions.

IV. Depositions

A.   Failure to Appear

Lewis failed to appear for his deposition which was properly noticed for July 21, 2010. The City of Philadelphia also failed to produce a designee for the 30(b)(6) deposition that was properly noticed for October 5, 2010. "Rule 37(d) provides for the imposition of reasonable expenses, including attorney fees, for even simple negligence in failing to appear for a

deposition." Resolution Trust Corp. v. Fusselbaugh, No. 89-9224, 1990 WL 124937, at *6 (E.D. Pa. Aug. 23, 1990). I "may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Further, on plaintiff's motion, I may "order sanctions if: a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(I). Defendants' failure to show up for the scheduled depositions or to contact plaintiff's counsel in order to reschedule the depositions justifies the imposition of sanctions in the amount of plaintiff's reasonable expenses and attorney's fees incurred in connection with the July 21 and October 5, 2010 depositions.

B.  Failure to Prepare Rule 30(b)(6) Designee

Plaintiff argues that the City failed to meet its obligations under Rule 30(b)(6) because designees Cesare, Long, and Prendergast were unprepared for their depositions. Rule 30(b)(6) allows for the deposition of an entity such as the City by requiring that "[t]he named organization . . . designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . . The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "[I]f a Rule 30(b)(6) witness is asked a question concerning a subject that was noticed with particularity, is seeking information that is reasonably available to the corporation, and is not unreasonably obscure, and the witness is unprepared to answer the question, the purpose of the deposition is completely undermined." State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 216 (E.D. Pa. 2008). There is no question that the deposition testimony of the City's designees

evidences that they were inadequately prepared to testify as to certain designated subjects. I find that the City failed to fully prepare Cesare, Long, and Prendergast as required by Rule 30(b)(6), in that it did not require them to review pertinent documents, or at least have more extensive meetings with counsel in advance of their appearances at the City's Rule 30(b)(6) deposition. Ultimately, "when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000) (citations and internal quotations omitted). Accordingly, I will require the City to pay plaintiff's reasonable expenses and attorney's fees caused by the City's failure to properly prepare for its deposition and incurred in making the instant motion for sanctions.

V. Initial Disclosures

Federal Rule of Civil Procedure 26(a)(1) now provides that each party to an action must supply opposing parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" and " a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(I)-(ii). Defendants served plaintiffs with self-executing disclosures pursuant to Section 4.01 of the Civil Justice Expense and Delay Reduction Plan over 14 years ago. Plaintiff argues that defendants' disclosures are deficient in that they fail to: (1) identify witnesses other than the individual parties to the action by name, (2) identify the subjects of information that defendants may use to support their defenses, and

(3) identify only seven documents. He asserts that defendants have never amended their disclosures despite his requests that they do so and asks that I bar defendants from relying on any witnesses or documents not disclosed in defendants' or plaintiff's initial disclosures or produced prior to the July 30, 2010 discovery deadline.

In considering whether the exclusion of evidence is an appropriate sanction for defendants' failure to supplement its initial disclosures, I must consider: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000). Plaintiff has not identified any specific individuals or documents not included in defendants' initial disclosures that it now seeks to exclude. Absent such information, I find that he has not established that he has been prejudiced by defendants' failure supplement its initial disclosures. I will therefore deny Plaintiff's request for a blanket exclusion of any witnesses not identified in defendants' self-executing disclosures but I will deny the request without prejudice. Should additional information develop that suggests that plaintiff has suffered incurable prejudice as a result of defendants' failure to supplement their disclosures, plaintiff may renew his motion to preclude any specific witnesses or documents.

VI. Conclusion

Defendants' conduct in discovery in this case since its removal from suspense, while exasperating, does not suggest any underlying bad faith. Further, plaintiff has not established that defendants' conduct has sufficiently prejudiced his ability to proceed with the merits of his

case so as to warrant many of the sanctions he now asks me to impose. However, in order to deter defendants from similar conduct in the future the imposition of certain attorney's fees and costs against defendants is clearly appropriate. Defendants will have an opportunity to challenge the reasonableness of such fees and expenses.

       An appropriate Order follows.