IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROMANUS MILES | : | CIVIL ACTION |
| | : | NO. 94-4669 |
| v. | : | |
| | : | |
| ALFRED ELLIOT et al. | : | |
| | : | |

O'NEILL, J.                                                                                                                                                      March 10, 2011

**MEMORANDUM**

      Defendants the City of Philadelphia, Retired Police Officer Alfred Elliott, Retired Police Officer Tyrone Randall and Police Officer Christopher Lewis now move for an Order withdrawing deemed admissions. For the reasons that follow, I will grant defendants' motion.

BACKGROUND

      Plaintiff Romanus Miles, a.k.a. Monte Miles, was arrested on September 1, 1992 after firing a sawed-off shotgun at Officers Lewis and Elliott. During the incident, Officer Elliott returned fire, striking plaintiff three times. On July 12, 1993, a jury convicted plaintiff of aggravated assault on Officers Lewis and Elliott and of carrying a firearm on a public street. Commonwealth v. Monte Miles, November Term, 1992, No. 2225 3/3 (Pa. Ct. Comm. Pl. Phila. Cnty.).[1] On August 9, 1994, plaintiff filed the instant action against defendants alleging that the individual defendants used excessive force when he was arrested and that the City's failure to train, supervise and discipline its police officers on the use of force was the direct cause of the alleged violations of his civil rights.

---

[1] A criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial. See Folino v. Young, 568 A.2d 171 (Pa. 1990); In re Kravitz Estate, 211 A.2d 443 (Pa. 1965).

Plaintiff deposed Officers Elliott, Lewis, and Randall in August 1996. The action was then put into civil suspense on October 21, 1996 while plaintiff pursued appeals of his criminal convictions. In 2002, in response to the Court's request for a status update, plaintiff requested that the matter remain in civil suspense. On February 8, 2010, I granted plaintiff's motion to restore the case to the active docket. On May 19, 2010 and June 29, 2010, plaintiff served requests for admissions on the defendants. Defendants failed to timely respond to the requests for admissions.

Plaintiff deposed Officers Lewis, Randall and Elliott for a second time in August 2010. Effective October 1, 2010, former counsel for defendants resigned from the City of Philadelphia Law Department. On October 10, 2010, current counsel for defendants entered his appearance as the eighth succeeding attorney to represent defendants in this action. Counsel for defendants asserts that in reviewing the files for this matter he learned that plaintiff had not been timely served with responses to his requests for admissions. On November 16, 2010, defendants served plaintiff with responses to his requests for admissions. On November 19, 2010, counsel for plaintiff informed counsel for defendants that it would oppose a motion to deem the admissions withdrawn.

The Rule 30(b)(6) deposition of the City of Philadelphia took place on December 2, 3, 9, and 10, 2010. Defendants filed the instant motion to withdraw deemed admissions on December 13, 2010.

DISCUSSION

If the party to whom a request for admissions is directed fails to respond within thirty days of service of the request, the matter is deemed admitted. Fed. R. Civ. P. 36(a). However,

Rule 36 of the Federal Rules of Civil Procedure also provides that "the court may permit withdrawal or amendment [of admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the party [requesting the admissions] in maintaining . . . the action on the merits." Fed. R. Civ. P. 36(b). A motion to withdraw admissions is ordinarily left to the discretion of the district court. Alers v. City of Phila., No. 08-4745, 2009 WL 2776384 , at *5 (E.D. Pa. Aug. 26, 2009).

Rule 36 is intended "to expedite trial by eliminating the necessity of proving undisputed and peripheral issues." Kosta v. Connolly, 709 F. Supp. 592, 594 (E.D. Pa. 1989), citing Peter v. Arrien, 319 F. Supp. 1348, 1349 (E.D. Pa. 1970). Rule 36 should not be used "to establish facts which are obviously in dispute or to answer questions of law." Kosta, 709 F. Supp. at 592. "Rule 36(b) simultaneously emphasizes the importance of resolving an action on the merits while at the same time upholding a party's justified reliance on an admission in preparation for trial." Altman v. Ingersoll-Rand Co., No. 05-596, 2008 WL 596066, at * 3 (W.D. Pa. Mar. 4, 2008).

"The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" Riley v. Kurtz, 194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. Sep. 28, 1999), quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995); see also Beatty v. U.S., 983 F.2d 908, 909 (8th Cir. 1993) ("deemed admissions are to give way to the quest for the truth only in extreme circumstances"); Pritchard v. Dow Agro Scis., 255 F.R.D. 164, 172 (W.D. Pa. 2009) (granting motion to withdraw admission where "[t]he subject matter of this admission, in and of itself, reaches the merits of the Plaintiffs' case as this admission would effectively preclude the Plaintiffs' case from going forward"); NCR Corp. v. J-Cos Systems Corp., No. 87-1520, 1987

WL 13683, at * 1 (E.D. Pa. Jul. 13, 1987) (when possible "an action should be resolved on its merits").

If I do not grant defendants' motion to withdraw deemed admissions, the individual defendants will be deemed to have admitted the following matters (among others): that defendants Randall, Lewis and Elliott "used physical force with Mr. Miles," "struck Mr. Miles" and "kicked Mr. Miles", Pl.'s Opp. Br., Exs. A, B, and C, Nos. 20, 32, and 24; and that "Defendant Elliot shot Mr. Miles, at least one time, while Mr. Miles was unarmed." Id., Ex. C, No. 15. These matters clearly undercut the individual defendants' ability to defend against plaintiffs' claims that they used unreasonable force against plaintiff, in deprivation of his rights under Section 1983.[2]

Further, if I do not grant defendants' motion to withdraw deemed admissions, the City of Philadelphia will be deemed to have admitted the following matters, among others: that the City did not provide written directives to the individual defendants with respect to the use of force. training, see, e.g. Pl's. Opp. Br., Ex. D., Nos. 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48; that "the City of Philadelphia was aware that the training it provided to its Officers regarding use of force was inadequate," id. No. 50; and that "Mr. Miles' constitutional rights were violated because of the City of Philadelphia's deliberate indifference to those rights." Id. No. 52. These admissions will clearly impact the City of Philadelphia's ability to defend itself against plaintiff's claims that it failed to properly train the

---

[2] Indeed, in their answer to plaintiff's first amended complaint, defendants specifically "denied that the defendant officers repeatedly kicked plaintiff at any time," see Answer, ¶ 20, "denied that the defendant officers' conduct amounted to an unreasonable and excessive use of force," id. ¶ 22, and "denied that the defendant officers beat plaintiff" id., ¶ 26.

individual defendants in the proper use of force in violation of his rights under Section 1983.[3]

I find that the matters that plaintiff would have me deem admitted are clearly not issues which are "undisputed" or "peripheral." Kosta, 709 F. Supp. at 594. Withdrawal of defendants' deemed admissions will promote the presentation of the merits of their defense. Defendants motion thus satisfies the first requirement of Rule 36(b).

With respect to the second requirement of Rule 36(b), plaintiff must demonstrate that withdrawal of the deemed admissions would render him "less able to prove the matters which had been admitted." Teleprompter of Erie, Inc. v. City of Erie, 567 F. Supp. 1277, 1287 (W.D. Pa. 1983).

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g. caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

Brook Village North Assoc v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982); see also Kerry Steel, Inc. v. Paragon Indus., 106 F.3d 147, 154 (6th Cir.1997) (citations omitted) (same).

Plaintiff argues that he will be severely prejudiced if I grant defendants' motion to withdraw the deemed admissions. He asserts that he will be prejudiced because he deposed the defendants after the admissions were deemed admitted: Christopher Lewis on August 5, 2010, Tyrone Randall on August 16, 2010; Alfred Elliot on August 30, 2010 and the 30(b)(6) deposition of Defendant City of Philadelphia on December 2, 3, 9 and 10, 2010. He argues that

---

[3] In their answer to plaintiff's first amended complaint, defendants specifically "denied that the City of Philadelphia . . . failed to properly train its police officers in the proper use of force in the performance of their duties as police officers . . . ." See Answer, ¶ 33-34.

"he relied on the deemed admissions in crafting his deposition strategy because he did not need to address matters that were already admitted." Pl's Opp. Br. at 5.

Plaintiff cannot reasonably have believed that by their non-response defendants intended to admit facts that would have the practical effect of conceding important elements of plaintiff's case. "And if he did rely on that assumption, this court is loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure." Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192 (D.C. Conn. 1976); see also Conlon v. United States, 474 F.3d 616, 624 (9th Cir. 2007) ("Although [defendant] relied on the deemed admissions in choosing not to engage in any other discovery, . . . we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice."); Human Resource Dev. Press, Inc. v. IKON Office Solutions Inc., 246 F.R.D. 82, 86 (D. Mass. 2007) (granting motion to withdraw deemed admissions where, "although [defendant] might well have sought withdrawal sooner, [plaintiff] can hardly be surprised by [defendant's] request").

Withdrawal of defendants' deemed admissions will merely require the plaintiff to prove his case on the merits. "Permitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the 'admitted' facts are contrary to the actual facts." Federal Deposit Ins. Corp. v. Prusia, 18 F.3d 637 (8th Cir. 1994). Accordingly, I will grant defendant's motion.

An appropriate Order follows.