IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROMANUS MILES | : | CIVIL ACTION |
| | : | NO. 94-4669 |
| v. | : | |
| | : | |
| ALFRED ELLIOT et al. | : | |
| | : | |

O'NEILL, J.                                                                                         November 14, 2011

### MEMORANDUM

On March 10, 2011, I entered an Order (Dkt. No. 83) granting plaintiff Romanus Miles' motion for sanctions against defendants to the extent that it sought an award of plaintiff's reasonable expenses, including attorneys' fees incurred in conjunction with his motion for sanctions (Dkt. No. 73), his motion to compel interrogatory answers (Dkt. No. 54), his motion to compel production of documents and things (Dkt. No. 50), the deposition of Christopher Lewis originally scheduled for July 21, 2010, the Rule 30(b)(6) deposition of the City of Philadelphia originally scheduled for October 5, 2010 and the Rule 30(b)(6) depositions of designees Cesare, Long and Prendergrast. As directed, on March 31, 2011, plaintiff filed an affidavit and supporting documents setting forth a request for $66,998.45 in expenses and costs. On April 15, 2011, defendants lodged objections to plaintiff's requested fees, challenging the reasonableness of the hourly rates charged by plaintiff's attorneys and the amount of attorney time expended in conjunction with the foregoing items.[1] On April 27, I ordered plaintiff to supplement the record with evidence to support the reasonableness of the requested hourly rates. Plaintiff's counsel filed a second affidavit on May 4, 2011. On May 5, 2001, defendants filed a response to

---

[1] Defendants do not dispute the reasonableness of the expenses incurred for online research and court reporting services.

plaintiff's counsel's supplemental affidavit in which they reasserted their previous objections.

I.      Standard for Rule 37 Fee Awards

Rule 37 of the Federal Rules of Civil Procedure provides for an award of reasonable expenses, including reasonable attorneys' fees for certain discovery violations.  See, e.g., Fed. R. Civ. P. 37(a)(5) (award of fees following motion to compel); Rule 37(d) (award of fees for failure to attend deposition).  "The decision to impose sanctions for discovery violations, as well as any determination as to what sanctions are appropriate, are matters generally entrusted to the discretion of the district court."  Barbee v. SEPTA, 323 Fed. App'x 159, 162 (3d Cir. 2009).  A party seeking fees pursuant to Rule 37 bears the burden of showing its request is reasonable.  Reynolds v. Univ. of Pa., No. 06-1237, 2010 WL 4187873, at *4 (E.D. Pa. Oct. 25, 2010), citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990).  The lodestar formula, which multiplies by a reasonable hourly rate the number of hours reasonably expended, provides the starting point for determining reasonable attorneys' fees.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Where an "adverse party raises objections to [a] fee request, the court possesses considerable discretion to adjust the award in light of those objections."  Loesch v. City of Phila., No. 05-0578, 2008 WL 2557429, at * 2 (E.D. Pa. Jun. 25, 2008), citing Rode, 892 F.2d at 1183.  The "Court has an independent duty to satisfy itself that the [ ] fees requested are reasonable."  Alphonso v. Pitney Bowes, Inc., 356 F. Supp. 2d 442, 460 (D.N.J. 2005); cf. Mosaid Techs. Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 597 (D.N.J .2004) (citations and internal quotation omitted) ("Although the calculation of attorneys' fees and costs is an inexact science, . . . the amount awarded must still be reasonable.").

**II.     Hourly Rates**

Counsel for plaintiff contend that the attorney's fee calculation here should be based on the usual hourly rates they charge to fee-paying clients: in excess of $405 for Andrew C. Whitney, in excess of $300 for Kristin M. Hadgis and Lauren K. Silvestri, and in excess of $255.00 for Squire J. Servance.  (Dkt. No. 92, ¶¶ 4-7.)  "The party requesting fees has the burden of demonstrating the reasonableness of the fees by submitting evidence of the appropriate hourly rate."  Aerogroup Int'l v. Ozburn-Hessey Logistics, LLC, No. 08-4217, 2010 WL 4746246, at *5 (D.N.J. Nov. 15, 2010), citing Washington v. Phila. Cnty. Ct. , 89 F.3d 1031, 1035 (3d Cir. 1996).  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); see also Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001), citing Rode, 892 F.2d at 1183 (citations omitted) (same).  Once the party seeking fees has established a reasonable hourly rate, the opposing party may dispute the rate with appropriate evidence.  Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997).

The attorney's usual billing rate provides a starting point, but this rate is not dispositive. Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).  In practice, "fees charged often are based on the product of hours devoted to the representation multiplied by the lawyer's customary rate.  But the fee usually is discussed with the client, may be negotiated, and it is the client who pays whether he wins or loses."  Blum, 465 U.S. at 895 n.11.  "The object in awarding a reasonable attorney's fee . . . is to give the lawyer what he would

have gotten in the way of a fee in an arm's length negotiation, had one been feasible. In other words the object is to simulate the market where a direct market determination is infeasible." In re Cont'l Ill. Secs. Litig., 962 F.2d 566, 572 (7th Cir. 1992). Here, because counsel represent plaintiff on a pro bono basis, there has been no negotiation or discussion with their client as to their fees. C.f. Betancourt v. Giuliani, 325 F. Supp. 2d 330, 333 (S.D.N.Y. 2004) ("[T]hat the fees here were not actually charged by [the firm handling the matter on a pro bono basis] to any client suggests that the Court must take a closer look as to whether the hourly rates are reasonable."). Where a client is not a fee-paying client, the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation inform the Court's determination of the attorney's reasonable rate. See, e.g. Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 555 (7th Cir.1999), citing People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307, 1310-12 (7th Cir. 1996) ("[I]f the district court is unable to determine the attorney's actual billing rate because, for example, the attorney has no fee-paying clients, then the district court should look to the next best evidence[:] . . . rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases.").

      Citing to the hourly rates set forth in a 2010 survey of associate attorney billing rates in the National Law Journal, plaintiff's counsel assert that their requested hourly rates are in line with the hourly rate of "other quality corporate law firms in Philadelphia, such as Dechert, Ballard Spahr, Blank Rome, Cozen O'Connor, Duane Morris, Montgomery, McCracken, Walker & Rhoads, Pepper Hamilton and Saul Ewing." (Dkt. No. 92, ¶¶ 10-12.) In further support of their argument that their fees should be calculated by applying the hourly rates they charge to fee-

paying clients, plaintiff's counsel set forth their experience in the second affidavit of counsel for plaintiff. Andrew C. Whitney graduated from law school in 2005, ordinarily represents corporations in intellectual property disputes and complex commercial litigation, successfully represented a plaintiff in another section 1983 action and currently represents a plaintiff in a Bivens action. (Dkt. No. 92, ¶ 4.) Attorneys Kristin M. Hadgis and Lauren K. Silvestri graduated from law school in 2008. (Dkt. No. 92, ¶¶ 5-6.) Each clerked for a judge on this Court for one year prior to joining Morgan Lewis in 2009. Id. Hadgis focuses her practice on products liability and financial services litigation. (Dkt. No. 92, ¶ 5.) Silvestri focuses her practice on complex commercial litigation and products liability litigation. (Dkt. No. 92, ¶ 6.) Squire J. Servance also graduated from law school in 2008. (Dkt. No. 92, ¶ 7.) He clerked for Judge Jerome A. Holmes of the U.S. Court of Appeals for the Tenth Circuit prior to joining Morgan Lewis in 2009. Id. He is an associate in the firm's intellectual property practice group. Id.

      Although Whitney has represented another client in a section 1983 action, counsel for plaintiff have not provided evidence of the rate billed by Whitney, if any, for his services in that matter. Counsel for plaintiff also have not provided any evidence that Hadgis, Silvestri or Servance have specific experience with section 1983 litigation. Nor have they set forth any evidence of rates billed by others in their firm for handling similar civil rights matters. Further, plaintiff's counsel have not offered any additional evidence to demonstrate that their usual hourly rates fall within a range that is reasonable within this geographic area for the specific type of legal work at issue in this action. Absent any such evidence, I find that plaintiff's counsel have not shown that their usual hourly rates are the reasonable rates to be applied here. C.f. Cho v.

Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 208 (E.D.N.Y. 2007) (reducing the requested hourly rate where "no proof is offered that these attorneys were able to bill any other client for the kind of litigation services rendered on behalf of plaintiffs at the claimed rates nor have plaintiffs submitted affidavits from other attorneys who charge at comparable rates for comparable work").

Defendants contend that in determining the reasonable hourly rates to be applied in this case I should instead look to the rates awarded to attorneys who participate in the Prisoner Civil Rights Panel program in the Eastern District of Pennsylvania. Counsel for plaintiff were appointed to represent plaintiff as a member of the Panel program. Accordingly, defendants contend that the reasonable hourly rate in this case should be consistent with the dictates of the Prison Litigation Reform Act. Pursuant to the PLRA, "the 'reasonable' hourly rate for prisoner civil rights litigation cannot be 'an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel.'" Hernandez v. Kalinowski, 146 F.3d 196, 201 (3d Cir. 1988), quoting 42 U.S.C. § 1997e(d)(3). Defendant contends that under this standard, the approved hourly rate for each of plaintiff's attorneys should be $187.50 per hour.

Counsel for plaintiff counter that the PLRA does not establish the reasonable rate to be applied to attorneys' fees awarded in connection with plaintiff's action, in which plaintiff asserts claims for civil rights violations occurring prior to his incarceration. In Hall v. Galie, No. 05-975, 2009 WL 722278, at * 7 (E.D. Pa. Mar. 17, 2009), my colleague Judge Pratter held that under the "whole act" rule, "PLRA limitations on attorney's fees do not apply to actions based exclusively upon pre-incarceration civil rights violations." Accordingly, while the PLRA

limitations on attorneys' fees are not mandatory in this action, the rates billed by the community of attorneys participating in the Panel program and litigating matters similar to the matter at issue here informs my determination of the applicable reasonable hourly rate.

Having considered both plaintiff's and defendants' submissions, I conclude that the following hourly rates are reasonable: $305 for Andrew C. Whitney, $225 for Kristin M. Hadgis and Lauren K. Silvestri, and $200 for Squire J. Servance

## III. Hours Expended

In the exhibits to the first Affidavit of Andrew C. Whitney (Dkt. No. 87), counsel for plaintiff list a total of 237.6 hours[2] expended in conjunction with defendants' sanctioned conduct. Defendants object that the total number of hours listed by plaintiff's counsel is unreasonable.[3] Courts should review the time charged and determine whether the hours listed were reasonably spent on the particular tasks described. Maldonado, 256 F.3d at 184. Excessive, redundant or unnecessary hours should not be included in calculating an award of fees. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

---

[2] Although it would have been helpful to the Court's analysis, counsel for plaintiff did not provide hourly totals for the hours listed in their exhibits. Instead, each exhibit provides only a total dollar amount for the identified task. In their objection to plaintiff's requested fees, defendants cite 236.6 hours as the total number of hours identified by plaintiff's counsel in their request for fees. (Dkt. 88 at 5.) Defendant's calculation appears to have omitted one hour of time listed by plaintiff's counsel in conjunction with the motion to compel production of documents. Plaintiff's itemized time for the motion to compel production of documents is 12 hours (Dkt. 87-1 at 8.), rather than the 11 hours calculated by defendants (Dkt. 88 at 5.).

[3] "'Although [a] respondent's objections to the fee petition must be clear, a party challenging a fee petition need not always challenge specific time entries and have the court find that some specific time entry was unreasonable or unnecessary . . . .'" Apple Corps. Ltd. v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480, 485 n.4 (D.N.J. 1998), quoting Bell v. United Princeton Props., Inc., 884 F.2d 713, 720 (3d Cir. 1989).

"[N]ot[ing] the thin line that may exist between a reasonable and unreasonable expenditure of time in pursuit of a client's cause . . . members of the bar . . . should demonstrate the same level of billing judgment and sensitivity in fee-shifting situations as they do with their own private clients." Am. Health Sys,, Inc. v. Liberty Health Sys., No. 90-3112, 1991 WL 165053, at *3 n.1 (E.D. Pa. Aug. 26, 1991); see also Hensley, 461 U.S. at 434, quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) ("'[B]illing judgment' is an important component in fee setting. . . ."). "Lawyers should understand that . . . the prospects of payment by a . . . defendant with tax collecting powers should not encourage the utilization of an excess number of lawyers on the preparation of [a matter]. Nor is work on the [matter] intended to be a training school for law students or embryonic lawyers at the expense of the losing party." Maldonado, 256 F.3d at 185.

      A.      **Motion for Sanctions**

Whitney, Hadgis, Silvestri and Servance billed 109.2 hours for their work on plaintiff's motion for sanctions and an additional 20 hours for preparing plaintiff's reply, a total of 129.2 hours. Because plaintiff's arguments relating to spoliation, initial disclosures or default judgment were unsuccessful, plaintiff's counsel are not entitled to their fees with respect to time spent in preparing those portions of the motion for sanctions. Based on their requested hourly rates, counsel for plaintiff request an award of $29,597.76 for the time spent and costs expended in preparing the successful portions of the motion for sanctions. However, the time and billing descriptions maintained by counsel for plaintiff do not provide a way to identify time spent in

preparing specific sections of the motion for sanctions.[4]

To account for their inability to separate time spent on successful portions of the motion from time spent on unsuccessful portions, counsel for plaintiff "calculated the total amount of expenses relating to the motion and reply, and multiplied those expenses by the percentage of the argument sections of those briefs that resulted in the award of fees." (Dkt. 87 at ¶ 12.) While the approach of plaintiff's counsel is inventive, the number of pages devoted to a given argument are not necessarily a reliable indicator of the amount of time spent in researching, drafting and revising a particular argument. If a time entry makes it difficult to allocate reasonable time to a specific task, "the blame lies on the party seeking fees because they were in the best position to mitigate any confusion . . . ." United States v. NCH Corp., No. 05-881, 2010 WL 3703756 at *5 (D.N.J. Sept. 10, 2010); see also Hatchett v. Cnty. of Phila.,No. 09-1708, 2010 WL 4054285, at *2 (E.D. Pa. Oct. 15, 2010), citing Hall v. Harleysville Ins. Co., 943 F. Supp. 536, 543-44 (E.D. Pa. 1996) ("If we cannot determine whether a particular time entry is chargeable to the [losing party], it must be excluded because the burden of proof rests with the prevailing party.").

Even taking into consideration the hours that plaintiff's counsel have deducted for time spent in connection with unsuccessful portions of the motion, I agree with defendants that

---

[4] The motion for sanctions sought a default judgment against defendants, sought to preclude the introduction of certain evidence, and sought further sanctions against defendants for spoliation of evidence, for failing to supplement their initial disclosures, for failing to produce certain documents, for failing to produce witnesses for depositions and for failing to adequately prepare certain witnesses for their depositions. Although counsel for plaintiff have described their billing descriptions as "detailed" (Dkt. 89 at 3), the time entries submitted refer only generically to work conducted in conjunction with the motion for sanctions and not to the time spent on discrete arguments raised in the motion. For example: "Review and revise motion for sanctions; research re same" (6 time entries); "Research and draft motion for sanctions" (5 time entries); and "Review and revise motion for sanctions" (13 time entries). (Dkt. No. 87-1 at 2-3.)

the number of attorney hours expended in conjunction with the motion for sanctions was unreasonable. Although the motion for sanctions included a number of different legal arguments, the arguments set forth in the motion were uncomplicated and did not involve complex or novel legal issues. Plaintiff's "request for attorneys' fees should not result in a second major litigation." Hensley, 461 U.S. at 437. Further, a "fee applicant cannot demand a high hourly rate – which is based on his or her experience, reputation, and presumed familiarity with the applicable law – and then run up an inordinate amount of time researching that same law." Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983); see also Rainey v. Phila. Hous. Auth., 832 F. Supp. 127, 130 (E.D. Pa. 1993) ("Normally, the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task.").

     I find that an award of fees for 40 percent of the time billed by Whitney and Hadgis, i.e., 35.9 hours for Whitney and 11.3 hours for Hadgis, or a total of 47.2 hours, is more than generous given the nature of the motion for sanctions. Zebroski v. Gouak, No. 09-1857, 2011 WL 3565223, at *3 (E.D. Pa. Aug. 12, 2011) (finding that "case law demonstrates a judicial response to the reality of partial success by frequently authorizing a partial fee award"). Absent the availability of evidence to the contrary, I will exclude the time billed by Silvestri and Servance, as their contributions to the motion for sanctions, which largely consist of blocks of time to review and analyze or revise the motion and reply and appear to be duplicative of the work performed by Whitney and Hadgis. See Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 210 (E.D.N.Y. 2007) ("While the Court recognizes that pro bono work may result in such duplication of efforts as it provides associates at large law firms with hands-on experience they

might not receive otherwise – and the Court commends the attorneys and their firm for taking on such work – it would not be fair to make defendants bear the costs of such training."). Accordingly, I will apply the hourly rates that I have determined to be reasonable as follows:

        Whitney:        81.7 hours (motion) + 8.1 hours (reply) = 89.8 hours
                         89.8 hours * 40% = 35.9 hours
                         35.9 hours at $305/hour = $10,955.60

        Hadgis:         20.4 hours (motion) + 7.9 hours (reply) = 28.3 hours
                         28.3 hours * 40% = 11.3 hours
                         11.3 hours at $225/hour = $2,542.50

        Total Fees:    $13,502.60

To account for costs incurred in conjunction with the unsuccessful portions of plaintiff's motion for sanctions, I will award only 40 percent of the $564.19 in electronic research costs incurred in conjunction with the motion for sanctions, i.e., an award of costs of $225.68 for the motion for sanctions.

        **B.**        **Motion to Compel Interrogatory Answers**

Counsel for plaintiff request an award of $8,735.60 for 26.7 hours expended in conjunction with the motion to compel interrogatory answers, including $11.60 in costs. Preparation of the straightforward motion to compel interrogatory responses, supported by an eight page long brief, should not have required 26.7 hours of attorney time. I find that an award of fees for 6.8 hours of Whitney's time and 14.2 hours of Silvestri's time is reasonable. I will exclude the 5.7 hours of time billed by Hadgis, including time spent to review and revise the motion, as the time spent appears to be duplicative of the work performed by Silvestri. Accordingly, I will apply the hourly rates that I have determined to be reasonable as follows:

      Whitney: 6.8 hours at $305/hour = $2,074.00

      Silvestri: 14.2 hours at $200/hour = $3,195.00

      Total Fees: $5,269.00

    **C.**    **Motion to Compel Production of Documents**

Counsel for plaintiff request an award of $3,614.74 for 11.0 hours expended in conjunction with the successful portions of his motion to compel production of documents, including $140.74 in costs. I conclude that the total number of attorney hours devoted to the motion to compel production of documents is unreasonable and will exclude time which I find to be duplicative or unnecessary. I will exclude 0.5 hours of time billed by Hadgis and Silvestri to participate in a conference with Whitney and Servance regarding a motion to compel. Hadgis did not otherwise participate in preparing the motion to compel. Silvestri's contributions to the motion to compel appear to be duplicative of the work performed by Whitney and Servance. Thus I will also exclude 0.8 and 0.4 hours of time billed by Silvestri to "review and revise" and "finalize" the motion to compel. Accordingly, I will apply the hourly rates that I have determined to be reasonable as follows:

      Whitney: 2.1 hours at $305/hour = $640.50

      Servance: 7.7 hours at $200/hour = $1,540.00

      Total Fees: $2,180.50

    **D.**    **Depositions**

        **1.**    **Deposition of Christopher Lewis**

Plaintiff's counsel request an award of $7,447.00 for 18.6 hours expended in conjunction with Defendant Lewis' failure to appear at his deposition on July 21, 2010, including $85.00 in

costs. I find that the number of hours expended by Whitney and Hadgis in preparation for this depositions was reasonable under the circumstances. However, I find that the time billed by Servance was excessive. He billed 0.5 hours to prepare a revised notice of deposition and another 0.5 hours to draft correspondence to opposing counsel re-noticing Lewis's deposition. I will reduce Servance's time for these uncomplicated tasks from 1 hour to 0.2 hours. I will apply the hourly rates that I have determined to be reasonable as follows:

        Whitney: 17.4 hours at $305/hour = $5,307.00

        Hadgis: 0.2 hours at $225/hour = $45.00

        Servance: 0.2 hours at $200/hour = $40.00

        Total Fees: $5,392.00

        **2.     30(b)(6) Deposition of the City of Philadelphia**

Plaintiff's counsel requests an award of $7,947.50 for 24.8 hours expended in conjunction with the City of Philadelphia's failure to appear at the noticed October 5, 2010 Rule 30(b)(6) deposition, including $95.00 in costs. I find that the number of hours expended by Whitney and Hadgis in preparation for this depositions was reasonable under the circumstances and will apply the hourly rates that I have determined to be reasonable as follows:

        Whitney: 2.5 hours at $305/hour = $762.50

        Hadgis: 22.3 hours at $225/hour = $5,017.50

        Total: $5,780.00

        **3.     30(B)(6) Depositions of Designees Cesare, Long, and Prendergast**

Plaintiff's counsel request an award of $9,655.85 for expenses incurred in conjunction with the City's failure to prepare designees Cesare, Long and Prendergrast for their designee

depositions, including $988.85 in costs. I find that the number of hours expended by Whitney, Hadgis and Silvestri in preparation for these depositions was reasonable under the circumstances and will apply the hourly rates that I have determined to be reasonable as follows:

>Whitney: 7.4 hours at $305/hour = $2,257.00
>
>Hadgis: 15.1 hours at $225/hour = $3,397.50
>
>Silvestri: 3.5 hours at $225/hour = $855.00
>
>Total: $6,509.50

## IV. Conclusion

For the reasons set forth above, and in accordance with my Order of March 10, 2011, I find that defendants are liable to plaintiff for a total of $38,633.60 in attorneys' fees and $1,546.87 in costs as follows. First, all defendants are liable to plaintiff for $13,502.60 in attorney's fees and $225.68 in costs incurred in conjunction with plaintiff's motion for sanctions (Dkt. No. 73), $5,269.00 in attorney's fees and $11.60 for costs incurred in conjunction with plaintiff's motion to compel interrogatory answers (Dkt. No. 54) and $2,180.50 in attorneys' fees and $140.74 in costs incurred in conjunction with plaintiff's motion to compel production of documents and things (Dkt. No. 50). Second, defendant City of Philadelphia and defendant Christopher Lewis are also liable to plaintiff for $5,392.00 in attorneys' fees and $85.00 in costs incurred in conjunction with the deposition of Lewis originally scheduled for July 21, 2010. Finally, defendant City of Philadelphia is also liable to plaintiff for $5,780.00 in attorneys' fees and $95.00 in costs incurred in conjunction with incurred in conjunction with the Rule 30(b)(6) deposition of the City of Philadelphia originally scheduled for October 5, 2010; and $6,509.50 in attorneys' fees and $988.85 for costs incurred in conjunction with the Rule 30(b)(6) depositions

of designees Cesare, Long, and Prendergrast. "Awarding attorneys' fees is not a science, of course, and is not susceptible to exacting precision. . . . The amount seems to the court to be a reasonable fee in view of the issues raised, the work performed, and the court's wide discretion in awarding attorneys' fees." Shim v. Millennium Group, No. 08-CV-4022, 2010 WL 2772493, at *7 (E.D.N.Y. June 21, 2010) (citations omitted) (reducing the number of hours worked to a "more reasonable level" to trim an attorney's fee award from the requested amount of over $100,000 to $34,254.00).

      An appropriate Order follows.